IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL JOE HORTON, PRO SE, § <br> TDCJ-CID No. 517911, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, Director of TDCJ, § <br> § <br> Defendant. § | 2:13-CV-0096 |

**REPORT AND RECOMMENDATION**

Plaintiff MICHAEL JOE HORTON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff was convicted of two counts of capital murder committed in May 1987 and was sentenced to consecutive terms of life in prison in 1988 and in 1996[1]. Plaintiff contends he is under the laws of the 59th Senate Bill and the laws of the 65th Texas Legislature Bills because his sentence start date is April 23, 1978 and the date of the commission of his offense is May 18, 1987[2].

Plaintiff claims his sentences were improperly stacked and made to run consecutively in violation of Article 42.08 V.A.C.C.P. He says that under the proper parole provisions he was eligible for parole or mandatory supervision after serving 20 years because his consecutive life

---

[1] December 20, 2012 Order denying COA in *Horton v. Thaler*, Cause No. 12-10661, United States Court of Appeals for the Fifth Circuit.

[2] The Court recognizes the conflict in these dates, as plaintiff's account would have him begin serving a sentence in 1978 for a crime he committed in 1987.

sentences should be considered as a single 60-year sentence. Plaintiff argues there was no aggravating deadly weapon finding and, therefore, after serving twenty years of flat time, he was eligible for release on parole.

Plaintiff argues the notation of a deadly weapon finding on the Sentence and Judgment in his convictions is a "scrivener's error" which has deprived him of due process and equal protection under the law. Plaintiff contends both indictments are void because they charge the offense of capital murder with a knife. Plaintiff complains there is no jurat attached to the criminal complaint, arrest warrant, and/or indictment in his two cases. He also states the offenses were "committed during 1st Grand Jury Session, which had jurisdiction from 1-1-1987 until 6-30-1987," but he was "indicted by the 2nd Grand Jury session having jurisdiction from 7-1-1987 until 12-31-1987." Plaintiff argues each of these is a jurisdictional defect rendering the indictments and/or Sentence and Judgment void.

Plaintiff further claims two parole hearings, conducted on September 7, 2007 and September 27, 2010, were defective because the Board did not have a start date for his sentences at that time because the matter was under arbitration in TDCJ-CID Classification Department based on a time resolution form dispute filed by plaintiff. He says that, by the April 20, 2011 resolution, TDCJ agreed to a sentence start date of September 23, 1978.

Plaintiff claims the Parole Board utilized the same reason for parole denial on two consecutive occasions in violation of Texas Senate Bill 909.

Plaintiff requests immediate release from prison and an award of $80,000.00 per year for each of the thirty-five years he argues he was illegally imprisoned, totaling $2,800,000.00.

Plaintiff also requests "to follow parole laws-rules-Senate Bill 59-65th Legislature - in effect date of crime 5/18/1987 - re: parole."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[4] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

F3d 279, 283 n.4 (5th Cir. 1994). By requesting the relief of immediate release, plaintiff has stated a claim on which relief cannot be granted under section 1983

Any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been terminated favorably to the section 1983 plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Therefore, the multitude of challenges advanced by plaintiff in an attempt to show his indictments, convictions, or sentences were defective are barred by *Heck* and will not accrue until after the *Heck* conditions had been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). Likewise, plaintiff's challenge to the "stacking" of his life sentences is also barred. A claim that falls under the rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996).

Plaintiff also appears to claim he is entitled to immediate release to mandatory supervised release; however, plaintiff has not sued the Parole Board or anyone connected to it. Plaintiff is currently serving cumulative life sentences. As plaintiff was informed by this Court in the March 14, 2012 Report and Recommendation in *Horton v. Thaler*, Cause no. 2:11-CV-0182, life-sentenced inmates are not eligible for release to mandatory supervision. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Ex parte Franks*, 71 S.W. 3d 327, 327-28 (Tex.Crim.App. 2001). To the extent plaintiff is arguing he has served sufficient time to be eligible for parole on one of his life sentences, state statute does not mandate release to parole based on an accumulation of time. This claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff attempts to attack parole review hearings conducted on September 7, 2007 and September 27, 2010, the statute of limitations has expired on any civil rights claims arising from the events occurring at those hearings. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The instant civil rights suit was filed June 3, 2013, two years and eight months after the 2010 hearing and more than five years after the 2007 hearing. Plaintiff's civil rights claims regarding these hearings lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also attacks the failure of the Board of Pardons and Paroles to grant him parole, arguing it utilized improper procedures. He asks for prospective injunctive relief. As plaintiff was informed by this Court in its April 4, 2012 Report and Recommendation in Cause no. 2:11-CV-0182:

> "Parole" is the "discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." Tex. Gov't Code § 508.001(6). According to the TDCJ-CID online Offender Information Detail, petitioner became eligible for release on parole on June 11, 2007. Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because the decision whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). As there is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas, it follows that a petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d at 32.

Therefore, plaintiff's challenges to the procedures governing his consideration for parole lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MICHAEL JOE HORTON BE DISMISSED WITH PREJUDICE AS FRIVOLOUS, AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET, AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of June, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).