IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL JOE HORTON, PRO SE,<br>TDCJ-CID No. 517911, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:13-CV-0096 |
| WILLIAM STEPHENS, Director of TDCJ, | §<br>§<br>§ | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff MICHAEL JOE HORTON, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On June 24, 2013, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous, as frivolous until the *Heck* conditions have been met, and for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on July 9, 2013.

By his Objections, plaintiff argues, in part, that his claims are not barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) or by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Unlike *Kyles v. Garrett*, 353 F.App'x 942, No. 08-40271, 2009 WL 4250078 (5th Cir. Nov. 30, 2009), and *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), plaintiff has requested immediate or sooner

release. To the extent plaintiff requests this relief, his claims fall within the scope of *Preiser* and *Heck*. Further, plaintiff's request for monetary relief is premised on a determination that he has been illegally imprisoned for thirty-five years and is also barred until the *Heck* requisites have been satisfied.

Plaintiff's allegations of mistakes or errors in connection with past parole hearings or considerations concern hearings or parole considerations which are beyond the two-year statute of limitations governing Texas civil rights claims. Further, the only defendant plaintiff has sued is William Stephens, the Director of the Texas Department of Criminal Justice. This defendant is not a member of the Board of Pardons & Paroles, has never participated in a prole consideration for plaintiff, and is not alleged too have committed any act or omission providing a basis for liability to plaintiff.

Critically, the named defendant will not participate in any parole consideration relating to plaintiff and plaintiff has not alleged the defendant has any control of the procedures which will be utilized in future parole hearings.

Lastly, if plaintiff successfully amended to name a proper defendant and confined his claims to a request for prospective injunctive relief, his complaint indicates these would be based on the following allegation:

> The Parole Board/Parole Board members - have violated Texas Senate Bill 909; by using same nomenclature; such as Designator 2-D for Parol Denial; Consecutive Times, which is prohibited by Texas Senate Bill 909; and further Parole Board Members never gave/made a written statement for the Denial of Parole Release; this is a violation of Texas Senate Bill 909; which Senate Bill 909 clearly states that reasons for denial of Parole Release – must be made by written statement by Parole Board member/members – not by stamped form used for denial. Once again this is a violation of

state laws – violate Texas Administrative Code Article – 1245.17
Sections (2)(B) – which is thus a Due Process and Equal
Protections of Laws Clause Amendments in and to the 5th and the
14th Amendment Clauses USDCA/U.S. Constitution.

Plaintiff's Complaint at "Page Number Six of the Allowable Extra Pages."

To the extent plaintiff is attempting to state a claim under the Due Process clause, Texas

prisoners do not have a protected liberty interest in parole and, therefore, no claim against state

parole review procedure can be based on procedural or substantive due process grounds.

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997); *Irving v. Thigpin*, 732 F.2d 1215, 1218 (5th

Cir. 1984)(where Mississippi parole law does not create a protected liberty interest, a prisoner

"cannot maintain a section 1983 action or a habeas petition on the grounds that the parole board

deprived him of procedural due process"). Therefore, plaintiff's due process claim lacks and

arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104

L.Ed.2d 338 (1989).

There remains plaintiff's Equal Protection claim. To state a claim under the Equal

Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated

against the plaintiff because of membership in a protected class or due to an irrational or arbitrary

state classification unrelated to a legitimate state objective. *Washington v. Davis*, 426 U.S. 229,

247-48, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976); *Stern v. Tarrant County Hospital

District*, 778 F.2d 1052 (5th Cir. 1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d

365 (1986). Plaintiff's allegations fail to state facts showing a violation of the Equal Protection

Clause and, instead, consist entirely of a conclusory invocation of the clause without any facts

showing how he feels it was violated. A plausible entitlement to relief exists when the

3

allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly,*550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).  To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  The Court has viewed plaintiff's remaining allegations in the light most favorable to him and finds plaintiff has not alleged sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by MICHAEL JOE HORTON is DISMISSED WITH PREJUDICE AS FRIVOLOUS, AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET, AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.  The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of July, 2013.


_____
MARY LOU ROBINSON
United States District Judge

5